IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL DUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY FONTENOT, VICTOR FONTENOT, RYAN YOUNG, CITY OF EUNICE, and JOHN DOE,<br><br>    Defendants. | Civ. A. No.: 6:21-cv-01535 |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

    This matter having come before the Court by stipulation of Plaintiff Michael Dunn and Defendants Randy Fontenot, Victor Fontenot, Ryan Young, and the City of Eunice for entry of a protective order limiting the review, copying, dissemination, and filing of confidential documents and information to be produced by any party or non-party and their respective counsel in this matter, to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

**Designation of Confidential Information**

    1.    *Designation of Material.* Any party or non-party may designate documents produced, or testimony given, in connection with this action as "Confidential" or "Highly Confidential," either by notation on each page of the document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

1

(a) "Confidential Information" shall mean all documents and testimony, and any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal, identity, financial, or other sensitive information, including sensitive employment information, (b) that contains confidential business information, or (c) that contains information received in confidence from third parties, or (d) which the producing or designating party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

(b) "Highly Confidential Information" shall mean all documents and testimony, and any information, document, or thing, or portion of any document or thing that contains highly sensitive personal or business information, the disclosure of which is highly likely to cause significant harm if disclosed to another party.

2. *Definitions*. As used herein, the words "information," "document," and "testimony" as constituting and embodying Confidential or Highly Confidential Information, shall have the broadest meaning given to those terms and shall include, without limitation, originals and all non-identical copies of all written, printed, typed, stamped, impressed, photographic, phonographic, audio, video, digital, computer-generated, or computer-readable material of any kind whatsoever.

3. *Subsequent Designation*. Documents, information, and/or materials produced in the litigation that are not identified as Confidential or Highly Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential or Highly Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. The producing party shall provide substitute copies of the documents bearing the confidentiality designation, and the receiving party shall return or destroy the replaced production

immediately upon receipt of the substitute production. The use of any unmarked document, which has subsequently been designated confidential, shall be a violation of this Confidentiality Agreement. No distribution prior to the receipt of such written notice shall be deemed a violation of this Confidentiality Stipulation and Protective Order.

4. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential or Highly Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within a reasonable time after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be deemed Confidential.

5. *Modification of Designation.* The designation of Confidential or Highly Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to eliminate or downgrade the Confidential or Highly Confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to eliminate or downgrade the Confidential or Highly Confidential designation. The burden of proving that the information has been properly designated as Confidential or Highly Confidential shall be on the party who made the designation.

**Access to Confidential Information**

6.   *General Access.*  Except as otherwise expressly provided herein or ordered by the Court, Confidential or Highly Confidential Information may be revealed only as follows:

(a)   To counsel for a party or employees of counsel's law firm who are assisting counsel.

(b)   To the parties after they have been given a copy of this Confidentiality Stipulation and Protective Order by their counsel.

(c)   To court reporters transcribing a deposition, hearing, or other proceeding in this matter (excluding court-appointed court reporters).

(d)   To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) after they have been given a copy of this Confidentiality Stipulation and Protective Order.

(e)   To a deponent to the extent counsel considers appropriate and reasonably necessary, provided that the deponent is given a copy of this Confidentiality Stipulation and Protective Order prior to being deposed.

(f)   To the Court presiding over this litigation and Court personnel as part of any filing, pursuant to paragraph 8 herein and consistent with applicable court rules.

7.   *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential or Highly Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

**Use of Confidential Information**

8. *Use in This Litigation Only.* Confidential or Highly Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential or Highly Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein. Subject to the Rules of Evidence, Confidential or Highly Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential or Highly Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential or Highly Confidential Information shall not be disclosed to the finder of fact.

9. *Filing Under Seal.* Each document filed with the Court that contains any Confidential or Highly Confidential Information shall be filed in a sealed envelope or other appropriate sealed container consistent with the Court's rules. Copies of such documents served on counsel for other parties shall be marked as Confidential or Highly Confidential.

10. *Reasonable Precautions.* Counsel for each party agree to use reasonable methods to protect the data and other information in this proceeding from cyber breach and/or attacks, as well as other disclosure. Any breach or loss of data as a result of a cyber breach shall be reported to the other parties as soon as reasonably possible, so that appropriate remediation measures may be undertaken.

11. *Subpoenas.* This Confidentiality Stipulation and Protective Order shall not prohibit any party hereto from responding to a valid and enforceable subpoena or from being legally

compelled to provide information by a court of law or similar tribunal, any governmental agency, or any self-regulatory organization. In the event that any party is served with a subpoena, notice to produce, request for documents, or similar process which commands that party to divulge or produce information relating to any Confidential or Highly Confidential Material, that party's legal representative (i) shall immediately notify all other counsel in writing and in no case later than ten (10) days prior to the response date stated in said process (unless said process requires a response earlier than ten (10) days, in which event the notice shall be given as soon as practicable upon receipt of the process and, in all events, before the response is due); and (ii) shall not respond to the process until the last day on which a response is due so that the opposing party may move for protective relief, move to quash said process, or otherwise protect its interests. The document, information or testimony at issue will retain its confidential treatment pending a ruling on any motion for protective relief or to quash such process.

12. *Destruction After Litigation.* Upon request by producing counsel, following final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for any receiving party shall certify that it has destroyed all copies of Confidential and Highly Confidential documents, including any notes or other documents or other items constituting, containing, or reflecting the content of such documents.

## Other Provisions

13. *Not an Admission.* Nothing in this Confidentiality Stipulation and Protective Order shall constitute an admission by the party that information designated as Confidential or Highly Confidential is actually Confidential or Highly Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection or seeking any available protection with respect to any Confidential or Highly Confidential

Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

14. *Miscellaneous.* This Confidentiality Stipulation and Protective Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Confidentiality Stipulation and Protective Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

15. *Injunctive Relief Available.* The parties recognize that, in addition to any injury which may result in damages, serious, immediate or irreparable harm not compensable by actual or liquidated damages will result to any party if the other party breaches its obligations under this Confidentiality Stipulation and Protective Order. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction, or other equitable relief if another party breaches its obligations under this Confidentiality Stipulation and Protective Order, in addition to any other remedies and damages that would be available at law or equity.

16. Notwithstanding any provision of this Confidentiality Stipulation and Protective Order, nothing herein is intended to supersede Louisiana's Public Records Law, and Defendants shall not designate any document that is required to be produced under Louisiana's Public Records Law as "Confidential" or "Highly Confidential."

SO STIPULATED AND AGREED:

By: /s/ Julia L. Bensur
Andrew W. Stern (admitted *pro hac vice*)
Francesca E. Brody (admitted *pro hac vice*)
Julia L. Bensur (admitted *pro hac vice*)
Sarah T. Goodfield (admitted *pro hac vice*)
Karma O. Farra (admitted *pro hac vice*)

Norman M. Hobbie, Jr. (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
      fbrody@sidley.com
      jbensur@sidley.com
      sgoodfield@sidley.com
      kfarra@sidley.com
      nhobbie@sidley.com

Stephanie Willis (LA Bar No. 31834)
Nora Ahmed (admitted *pro hac vice*)
ACLU FOUNDATION OF LOUISIANA
1340 Poydras Street, Suite 2160
New Orleans, Louisiana 70112
Telephone: (504) 522-0628
Email: swillis@laaclu.org
      nahmed@laaclu.org

*Attorneys for Plaintiff Michael Dunn*

By: /s/ Bradley C. Myers
Bradley C. Myers (#1499)
brad.myers@keanmiller.com
A. Edward Hardin, Jr. (#25079)
edward.hardin@keanmiller.com
Chelsea Gomez Caswell (#35147)
chelsea.caswell@keanmiller.com
KEAN MILLER LLP
II City Plaza, Suite 700
400 Convention Street
P.O. Box 3513
Baton Rouge, LA 70821
Telephone: (225) 387-0999

*Attorneys for Defendants City of Eunice, Randy Fontenot, Victor Fontenot, and Ryan Young*

The above agreed upon Confidentiality Stipulation and Protective Order submitted by the parties is hereby approved and entered by the Court on this 23rd day of September, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE