## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **MICHAEL DUNN** | **CASE NO.  6:21-CV-01535** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RANDY FONTENOT ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## <u>MEMORANDUM RULING</u>

The following motions are pending before the Court:

- MOTION FOR A MORE DEFINITE STATEMENT by Defendant Randy Fontenot (Rec. Doc. 130).  Defendant Ryan Young adopted this motion.  (Motion, Rec. Doc. 132; Order, Rec. Doc. 130).

- MOTION FOR MORE DEFINITE STATEMENT by Defendant City of Eunice (Rec. Doc. 133).  The supporting memorandum (Rec. Doc. 133-1) adopts Randy Fontenot's supporting memorandum (Rec. Doc. 130-1).

- MOTION FOR A MORE DEFINITE STATEMENT by Defendant Victor Fontenot (Rec. Doc. 134).  The supporting memorandum (Rec. Doc. 134-1) is substantially verbatim to Randy Fontenot's supporting memorandum (Rec. Doc. 130-1).

Plaintiff Michael Dunn filed a combined opposition to all of the motions (Rec. Doc. 139) to which Randy Fontenot filed a reply memorandum (Rec. Doc. 140).  The motions are fully briefed and ripe for ruling.  For the reasons stated below, the motions are DENIED.

## Factual and Procedural Background

On June 4, 2021, Dunn, a lieutenant with the Eunice Police Department, filed suit against the City of Eunice, Chief Randy Fontenot,[1] Officer Victor Fontenot, and Lieutenant Ryan Young alleging that those defendants had engaged in a years-long retaliation campaign for reporting allegedly widespread corruption within the Eunice Police Department.  (Complaint, Rec. Doc. 1).  The original complaint alleged the following causes of action:  First Amendment violation under 42 U.S.C. § 1983, civil conspiracy under 42 U.S.C. § 1983, defamation, civil conspiracy, violation of Louisiana whistleblower statute, intentional infliction of emotional distress, false light invasion of privacy, violation of freedom of expression under the Louisiana Constitution, and municipal liability under 42 U.S.C. § 1983.  *Id.*  Defendants filed an answer (Rec. Doc. 25), and no defendant filed a motion under Rule 12 as their initial response.

Subsequently, the parties engaged in extensive discovery.  According to Dunn, the parties have exchanged thousands of documents and deposed 14 witnesses.  (Rec. Doc. 139 at 1).  After Randy Fontenot filed a motion for judgment on the pleadings (Rec. Doc. 118), Dunn filed, with leave of court, his First Amended Complaint.  (Rec. Doc. 128).[2]  Defendants responded with the instant motions.

For perspective, Dunn's original complaint is 39 pages long and contains 158 paragraphs.  (Rec. Doc. 1).  The First Amended Complaint is 51 pages long and contains 198 paragraphs.  The First Amended Complaint alleges the same causes of

---

[1] Randy Fontenot declined to run for reelection in 2022.  (Rec. Doc. 128 at ¶ 21).
[2] The motion for judgment on the pleadings (Rec. Doc. 118) is pending before the district judge.

action against the same defendants.  Dunn explains that the First Amended Complaint includes all allegations from the original complaint and alleges additional facts developed in discovery.  (Rec. Doc. 139 at 1).  As is clear from the scope and breadth of both complaints, they are not wanting for detail.

## Applicable Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim; or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999)).  A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored" and are "granted sparingly."  5C Fed. Prac & Proc. Civ. § 1377 (3d ed.).  Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the

defendant is complaining about matters that can either be clarified or developed during discovery. Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxum, Inc.*, No. 90-1468, 1991 WL 13918 at *2 (E.D. La. Jan. 28, 1991), *aff'd*, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell*, 269 F.2d at 130. The Fifth Circuit has held that Rule 12(e) should not be used to frustrate the policy of Rule 8 by "lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id*. at 132.

## <u>Analysis</u>

Defendants first contend that Dunn's First Amended Complaint is an impermissible "shotgun pleading" because it "incorporates preceding paragraphs into each count; largely consists of irrelevant allegations; and is devoid of dates sufficient to adequately assess when certain alleged actions took place."[3] (Rec. Doc. 130-1 at 3-4). The effect is to make it "virtually impossible" for Defendants to frame responsive pleadings. Dunn counters, arguing that use of incorporation language is a near-

---

[3] Citations to Defendants' briefing will be to Randy Fontenot's supporting memorandum since the other motions adopt that memorandum and Victor Fontenot's motion is substantially verbatim anyway.

universal practice and that Defendants had no problem responding to his original complaint.

Contrary to Defendants' assertions, the First Amended Complaint is not a shotgun pleading.  A shotgun pleading sets forth an excessive number of facts then asserts in a conclusory fashion that those fact support any number of legal claims such that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Martin v. Tesoro Corp.*, 2012 WL 1866841 at *2 (W.D. La. May 21, 2012) (quoting *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

As discussed above, the First Amended Complaint is replete with detail.  The caption for each of the nine counts—in both the original complaint and First Amended Complaint—expressly identifies the defendants against whom each count is directed. The fact that each count includes a paragraph adopting by reference prior paragraphs in that pleading does not present a practical impediment to Defendants to respond. Dunn's argument that Defendants were able to respond to the original complaint without issue is well-taken.  The original complaint contained similar incorporation allegations (*See* Rec. Doc. 1 at ¶¶ 90, 100, 105, 113, 119, 127, 134, 139, 144) and Defendants were able to file an answer in response to that pleading. (Rec. Doc. 25).

The Court also finds compelling the fact that the First Amended Complaint was filed over two years after the original complaint and subsequent to extensive written discovery and multiple depositions.  According to Dunn, the new allegations

contained in the First Amended Complaint were derived from the depositions which were attended by Defendants' counsel and pertain to actions allegedly committed by or involving the Defendants themselves.  To the extent the First Amended Complaint merely builds upon and supplements the original complaint, the Court finds that Defendants can adequately respond to it since they were able to respond to the original complaint.

Finally, Defendants also contend that the First Amended Complaint fails to give sufficient notice "because it fails to allege the dates on which certain alleged unlawful conduct occurred."  (Rec. Doc. 130-1 at 7).  They cite Rule 9(f), which states that "[a]n allegation of time or place is material when testing the sufficiency of a pleading."  It is clear that "Rule 9(f) does not impose a requirement that allegations of time or place be made with particularity; it merely indicates the significance of those allegations when they are made."  5A Fed. Prac. & Proc.  Civ. § 1308 (4th ed.).  Defendants do not contend that precise temporal allegations are necessary for statute of limitations purposes or the other situations in which a specific statement of time is necessary.  *See Id.* at § 1309 (listing instances in which specific pleading is required, *e.g.*, actions on a contract or promissory note).  Even if the circumstances of this case are such that a statute of limitations defense could be asserted, Defendants are free to assert untimeliness in a dispositive motion after sufficient discovery.  Specificity is not required by Rule 9(f), and dates and times to the extent they have any bearing on any claim or defense can be clarified in discovery, assuming the details have not already been clarified in the extensive discovery conducted to date.

6

## __Conclusion__

For the reasons discussed above, Defendants' motions seeking a more definite statement (Rec. Docs. 130, 133, 134) are DENIED.

THUS DONE in Chambers on this 29th day of December 2023.

David J. Ayo
United States Magistrate Judge