## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**MICHAEL DUNN**                    **CASE NO. 6:21-CV-01535**

**VERSUS**                          **JUDGE ROBERT R. SUMMERHAYS**

**RANDY FONTENOT ET AL**            **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM RULING

Presently before the Court is the Rule 12(b)(1) Motion to Dismiss, or Alternatively, Rule 12(c) Motion for Judgment on the Pleadings [ECF No. 159] filed by defendant, former Chief of Police of the Eunice Police Department, Randy Fontenot ("former Chief Fontenot"). Dunn opposes the Motion.

## I.
### BACKGROUND

Plaintiff Michael Dunn asserts First Amendment retaliation and whistleblower claims arising out of his employment with the City of Eunice. Dunn is a lieutenant with the Eunice Police Department ("EPD").[1] He alleges that he observed "pervasive corruption and misconduct" at EPD under former Chief Fontenot leadership from 2017 until Fontenot's retirement.[2] Dunn alleges that he reported numerous instances of misconduct by his fellow officers, including use of excessive force, neglect of the medical needs of inmates, mishandling evidence, and misuse of

---

[1] ECF No. 128 at ¶ 19.
[2] *Id.* at ¶¶ 2, 3, 32.

1

funds.[3]  Dunn alleges that he reported this corruption and misconduct to state, local, and federal authorities when the EPD failed to address his complaints.[4] Dunn also alleges that he notified these authorities that former Chief Fontenot selectively enforced the law and "weaponized" the disciplinary process to prevent officers from exposing misconduct within the EPD.[5]

According to Dunn, former Chief Fontenot discovered that he had reported Fontenot's and EPD's alleged misconduct to these outside authorities in June of 2020.[6] Dunn alleges that former Chief Fontenot and the other named Defendants then "engaged in a campaign of retaliation against [Plaintiff] in an attempt to force his resignation from [EPD] in violation of his First Amendment rights and numerous Louisiana state laws."[7]

Dunn filed the present action on June 4, 2021, seeking declaratory and injunctive relief against the City of Eunice, former Chief Fontenot (in his individual capacity), Officer Victor Fontenot, and Lt. Ryan Young.[8] He does not seek damages. Rather, Dunn contends that he filed the present action "to end corruption and wrongdoing within the [EPD] and to establish a legitimate and effective mechanism for investigating complaints of police misconduct in the City of Eunice."[9] Dunn acknowledges that former Chief Fontenot no longer holds the office of Eunice Police Chief.[10] After former Chief Fontenot declined to run for reelection, in the November 2022 election, Kyle LeBouef received the majority of the vote and was sworn into office as the Chief of Police for the City of Eunice on December 29, 2022.[11]

---

[3] *Id.*
[4] *Id.* at ¶¶ 2, 3, 5, 32.
[5] *Id.* at ¶ 3; *see also* ¶¶ 30-31; 51-54.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶ 2; *see also* ¶ 7.
[8] ECF No. 128 at ¶¶ 20-23.
[9] *Id.* at ¶ 18.
[10] *See* ECF No. 128 at ¶ 21.
[11] ECF No. 159, Exhibit A, Election Returns and Oath of Office.

On July 14, 2023, former Chief Fontenot filed a Rule 12(c) Motion for Judgment on the Pleadings.[12] In response, Dunn filed the First Amended Complaint on August 14, 2023.[13] Fontenot's Rule 12(c) Motion was thereafter denied by the Court as moot.[14] Fontenot now files the present Motion, which addresses the new factual allegations raised in the First Amended Complaint and seeks to dismiss all of Dunn's claims against former Chief Fontenot.

In his Amended Complaint, Dunn seeks a declaration that "Defendants' actions and inactions are unlawful and unconstitutional."[15] Dunn seeks a declaratory judgment in Count 1 "that the Individual Defendants actions violated his First Amendment rights;"[16] in Count 2 "that the Individual Defendants' actions constituted an illegal civil conspiracy;"[17] in Count 3 that former Chief Fontenot's "statements were false and defamatory;"[18] in Count 4 that former Chief Fontenot's actions "constituted and constitute an illegal civil conspiracy;"[19] in Count 5 that former Chief Fontenot's "actions constitute a violation of the Louisiana Whistleblower Statute;"[20] in Count 6 "that the Individual Defendants actions constituted intentional infliction of emotional distress;"[21] in Count 7 that former Chief Fontenot's "actions constitute false light invasion of privacy;"[22] and in Count 8 "that the Individual Defendants actions violate his right to free speech under the Louisiana Constitution."[23] Further, Dunn seeks an injunction ordering former Chief Fontenot to "halt all unlawful and unconstitutional actions" and to "publicly apologize" to Dunn.[24]

---

[12] ECF No. 118.
[13] ECF No. 128.
[14] ECF No. 152.
[15] ECF No. 128 at ¶ 193.
[16] *Id.* at ¶ 133.
[17] *Id.* at ¶ 139.
[18] *Id.* at ¶ 150.
[19] *Id.* at ¶ 156.
[20] *Id.* at ¶ 164.
[21] *Id.* at ¶ 171.
[22] *Id.* at ¶ 176.
[23] *Id.* at ¶ 181.
[24] *Id.* at ¶ 194.

3

Former Chief Fontenot seeks to dismiss Dunn's claims against him under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing and mootness, or alternatively, under Rule 12(c) for failure to adequately state a claim.

## II.
### LAW AND ANALYSIS

#### A. Legal Standards.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court.[25] "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate' the claim."[26] Two of the required elements of subject matter jurisdiction are standing and mootness and these elements are therefore properly challenged on a Rule 12(b)(1) motion to dismiss.[27] The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion.[28] A court should dismiss a case for lack of subject-matter jurisdiction when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[29] "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[30] When filed in conjunction with other Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[31]

---

[25] Fed. R. Civ. P. 12(b)(1).
[26] *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)).
[27] *Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017); *North Carolina v. Rice,* 404 U.S. 244, 246 (1971).
[28] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[29] *Id.*
[30] *Id.*
[31] *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." For purposes of Rule 12(c), pleadings are considered "closed" once a complaint and answer have been filed.[32] In the present case, all Defendants filed their answers on January 19, 2024,[33] and accordingly, the pleadings are closed. "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[34] The "inquiry focuses on the allegations in the pleadings" and not on whether the "plaintiff actually has sufficient evidence to succeed on the merits."[35] "Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level."[36] A legally sufficient complaint requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]"[37] In order to avoid dismissal, "a plaintiff must plead specific facts, not mere conclusory allegations."[38] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[39]

### B. Standing and Mootness.

Jurisdiction under Article III of the Constitution requires the presence of a "case or controversy" among the parties to a federal lawsuit.[40] Standing is one aspect of this case-or-

---

[32] *Mandujano v. City of Pharr*, 786 F. App'x 434, 436 (5th Cir. 2019) (per curiam).
[33] ECF Nos. 153, 154, 155, 156.
[34] *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).
[35] *Id.*
[36] *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007).
[37] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
[38] *Collins v. Morgan Stanley Dean* Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[39] *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).
[40] U.S. Const. amend. III, § 2; *Spokeo, Inc. v. Robins*, ___ U.S.___, 136 S. Ct. 1540, 1549 (2016).

controversy requirement.[41] Standing identifies "those disputes which are appropriately resolved through the judicial process,"[42] and "serves to prevent the judicial process from being used to usurp the powers of the political branches."[43] Courts have adopted various "prudential" standing doctrines but Article III standing requires at a minimum, that the plaintiff show (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a showing that the injury will likely "be redressed by a favorable decision."[44] The injury-in-fact requirement ensures that the plaintiff has a "personal stake in the outcome of the controversy."[45] The plaintiff's injury must be "concrete, particularized, and actual or imminent ...."[46] The causation element of standing requires that the plaintiff's injury be "fairly traceable to the defendant's allegedly unlawful conduct,"[47] while "redressability" requires a showing that the plaintiff's injury is likely to be redressed by the relief requested in the complaint.[48]

In this case, Dunn requests the following relief against former Chief Fontenot: (1) a declaration that his actions were unconstitutional;[49] and (2) a permanent injunction ordering him to (a) halt all unlawful and unconstitutional actions and (b) publicly apologize to Dunn.[50] "Requests for injunctive and declaratory relief implicate the intersection of the redressability and injury-in-fact requirements."[51] "Because injunctive and declaratory relief 'cannot conceivably remedy any past wrong,' plaintiffs seeking injunctive and declaratory relief can satisfy the

---

[41] *Spokeo, Inc.*, 136 S. Ct. at 1549 ("[T]he doctrine of standing derives from [Article III's] case-or-controversy requirement....")
[42] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[43] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).
[44] *Lujan*, 504 U.S. at 560–561.
[45] *Warth  v. Seldin*, 422 U.S. 490, 498 (1975) (internal quotation marks omitted).
[46] *Clapper*, 568 U.S. at 409 (quoting *Monsanto v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).
[47] *Allen v. Wright*, 468 U.S. 737, 751 (1984).
[48] *Id.*
[49] ECF No. 128 at ¶ 193.
[50] *Id.* at ¶ 194.
[51] *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).

redressability requirement only by demonstrating a continuing injury or threatened future injury."[52]

"For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur."[53] "Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."[54] Put simply, "[t]he plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred," and "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury."[55]

The Fifth Circuit has described "mootness" as "the doctrine of standing in a time frame."[56] In other words, a plaintiff must not only establish that he or she has standing under Article III at the commencement of the case, the plaintiff's personal stake that "exist[ed] at the commencement of the litigation (standing)" must "continue throughout [the case's] existence (mootness)."[57] Accordingly, even if a plaintiff has standing at the commencement of the case, the case may nevertheless become moot by events that occur during litigation and eliminate the plaintiff's personal interest in the case.[58] In sum, "no justiciable controversy is presented when ... the question sought to be adjudicated has been mooted by subsequent developments[.]"[59]

---

[52] *Id.*

[53] *Id.*, at 721.

[54] *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 95- 96 (1983); *Cone Corp. v. Florida Dept of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)).

[55] *Id.*; *Serafine v. Crump*, 800 Fed. Appx. 234, 236 (5th Cir. 2020).

[56] *Centers for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).

[57] *Id.*

[58] *Pool v. City of Houston*, 978 F.3d 307, 313 (5th Cir. 2020).

[59] *Flast v. Cohen*, 392 U.S. 83, 95 (1968); *Haggard v. Bank of the Ozarks, Inc.*, 547 F. App'x 616, 620 (5th Cir. 2013) (per curiam).

## C. Declaratory Relief.

Dunn seeks a declaratory judgment declaring that Fontenot's actions violate the First Amendment and Louisiana state law. However, the actions complained of in the Amended Complaint relate to past alleged acts. As such, Dunn is seeking a declaration that former Chief Fontenot wronged him in the past. "A claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not to proclaim liability for a past act."[60] The retrospective declaratory relief that Dunn seeks would not impact the present or future relations of the parties and would only proclaim liability for alleged past acts.[61]

Dunn lacks standing for the backward-looking relief he seeks arising out of former Chief Fontenot's past conduct. Injunctive and declaratory relief, by definition, are designed to prevent future violations, not to punish a defendant for alleged past behavior.[62] Here, despite the fact that Dunn's relief is based on past conduct, Dunn argues that he has standing to obtain equitable relief because he alleges "continuing reputational and emotional damage."[63] However, there is no ongoing conduct by former Chief Fontenot for the Court to enjoin or to declare unlawful. The Amended Complaint alleges no ongoing action by former Chief Fontenot, who retired from office in December 2022. Accordingly, any injunctive or declaratory relief entered by the Court would be solely backward looking without preventing any present or future violation.

---

[60] *Haggard*, 547 F. App'x at 620 (citing *Bauer*, 341 F.3d at 358).
[61] *See, e.g., Muslow v. Bd. of Supervisors of La. State Univ.*, 2020 WL 1864876, (E.D. La. April 14, 2020) (finding no standing to seek declaratory relief based on alleged past injury); *Waller v. Hanlon*, 922 F.3d 590, 603-04 (5th Cir. 2019).
[62] *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."); *Haggard v. Bank of the Ozarks*, 547 Fed. Appx. 616, 620 (5th Cir. 2013) (per curiam) (A "claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not proclaim liability for a past act.")
[63] ECF No. 163 at 18, 20-21.

Moreover, "[t]he emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant."[64] Here, Dunn's alleged emotional damages are based solely on former Chief Fontenot's actions in the past—actions that will not recur because Fontenot is no longer EPD Chief of Police. Dunn has not alleged that he suffers any immediate threat of future injury by former Chief Fontenot. Further, "where reputational injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible, and the injury cannot satisfy the requirements of Article III."[65]

Any declaratory judgment issued against former Chief Fontenot would also not redress Dunn's alleged harm. Dunn alleges that he continues to suffer harm to his "reputation," "employment prospects," "safety," and his "well-being" from past violations.[66] However, "to establish redressability, a plaintiff must show a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact."[67] Here, Dunn has not pled facts showing a substantial likelihood that the declaration he seeks—that former Chief Fontenot's prior conduct was unlawful—will redress any continuing harm. Dunn eschews any recovery for damages, so Dunn has not shown that a declaration of legal and constitutional harm in the past will enable Dunn to recover for emotional or reputational harm. Nor has he pled facts showing that a declaration addressing past conduct will affect his future safety or future job prospects. Further, it is purely speculative that a declaration that former Chief Fontenot's conduct was unlawful would alter the opinions of other officers or members of the community as to Dunn's reputation.

---

[64] *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983)
[65] *Danos v. Jones*, 652 F.3d 577, 584 (5th Cir. 2011); *Jackson v. Mayorkas*, 2023 WL 5311482, (N.D. Tex. Aug. 17, 2023) (An interest in vindicating reputation is not "constitutionally sufficient to avoid mootness.").
[66] ECF No. 163 at 20-21.
[67] *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 451 (5th Cir. 2022)

Furthermore, former Chief Fontenot's retirement has mooted Dunn's request for declaratory judgment. A "claim for declaratory relief that does not 'settle[e] . . . some dispute which affects the behavior of the defendant toward the plaintiff' is moot."[68] A declaratory judgment declaring former Chief Fontenot's past acts unlawful would not affect his behavior now that he no longer is in office and no longer holds the authority of the office of chief of police. Indeed, such relief would serve merely as "a retrospective opinion that [Plaintiff] was wrongly harmed by the [Defendant]."[69] Because Dunn no longer has a redressable "actual injury" as required by Article III, his request for declaratory relief is moot.[70]

Finally, even if Dunn's claims for declaratory relief were not moot, the Court would not exercise its discretion to grant declaratory relief. The Declaratory Judgment Act establishes that a federal district court "*may* declare the rights and other legal relations of any interested party seeking such declaration."[71] Based on this language, the Supreme Court has emphasized the discretionary nature of the statute: "Congress ... created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."[72] Here, the requested declaratory judgment would solely address harms suffered by Dunn in the past; it would not address prospective misconduct (with respect to Fontenot) because Fontenot is no longer EPD Chief. Declaratory relief often "paves the way" to injunctive relief or a damages claim. But that is not the case here. As explained below, Dunn lacks standing with respect to his claim for injunctive relief against Fontenot. Moreover, he is not seeking damages. The sole purpose of the declaratory relief requested here appears to be an attempt at vindication for Dunn going forward with no clear prospect of remedying

---

[68] *920 S. Beach Blvd., LLC v. City of Bay St. Louis*, 2023 WL 2749170, at *5 (S.D. Miss. March 31, 2023) (quoting *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019)).
[69] *Id.*
[70] *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 397 (5th Cir. 2000)).
[71] 28 U.S.C. § 2201 (emphasis added).
[72] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *see also Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001) (confirming the discretionary nature of the Declaratory Judgment Act).

any legally cognizable interest. Accordingly, even if the Court had jurisdiction to enter declaratory relief, it would decline to do so.

### D. Injunctive Relief.

As to Dunn's claims for injunctive relief, the Court also finds a lack of standing. Dunn seeks an injunction ordering former Chief Fontenot to "halt all unlawful and unconstitutional actions" and to "publicly apologize" to Dunn.[73] All of Dunn's allegations and the injunctive relief he seeks stem from Fontenot's conduct while he was Chief of Police. However, as noted above, former Chief Fontenot is no longer in a position to violate Dunn's rights under federal and state law or take any adverse employment action against him because he retired from office on December 29, 2022. There are no allegations that former Chief Fontenot has committed or continues to commit any illegal conduct since he left office in December 2022. Accordingly, all of the harm alleged is, in fact, based on former Chief Fontenot's past conduct and cannot conceivably be based on any ongoing or continuing conduct by former Chief Fontenot. Further, injunctive relief "cannot conceivably remedy any past wrong."[74] Any injunction issued against former Chief Fontenot would not redress Dunn's alleged harm. Thus, Dunn lacks standing to seek injunctive relief. Additionally, Dunn's request for injunctive relief is now moot. Since Fontenot is no longer Chief of Police, no longer has the authority of that office, and is no longer even employed with the EPD, there is no continuing relationship between him and Dunn. Former Chief Fontenot's retirement has mooted Dunn's injunctive relief claims as there "can be no meaningful relief granted by an injunctive order enjoining" former Chief Fontenot to halt committing and/or conspiring to commit constitutional and/or statutory violations in this case.[75] For these reasons, Dunn's request

---

[73] ECF No. 128 at ¶ 194.
[74] *Stringer*, 942 F.3d at 720.
[75] *Center. for Biological Diversity*, 704 F.3d at 426; *Henschen v. City of Houston, Tex.,* 959 F.2d 584, 587 (5th Cir. 1992) (finding that "[t]ime has rendered moot [plaintiff's] request for immediate injunctive relief"); *Bayou Liberty*

for injunctive relief does not present an actual case or controversy between the Dunn and former Chief Fontenot.

### E. Public Apology.

Dunn also requests a mandatory permanent injunction ordering former Chief Fontenot to publicly apologize to Dunn "for the significant harm [his] conduct has inflicted, and continues to inflict, on his employment prospects and well-being[.]"[76] Dunn also requests a public apology in every Count of the Amended Complaint, except for Count 5.[77]

Dunn cites no authority, constitutional or otherwise, to support his argument that he has the right to a public apology nor that the Court has the power to order former Chief Fontenot to issue one. Instead, Dunn focuses on distinguishing the cases cited by former Chief Fontenot[78] and relies on inapplicable jurisprudence. For example, Dunn cites *Carter*, which did not involve a request for a mandatory injunction ordering an individual to publicly apology.[79] Rather, that case involved the imposition of sanctions against a commercial defendant in a Title VII religious discrimination suit.[80] The court in *Carter* specifically stated that it "is not requiring [the defendant] to apologize."[81]

Dunn also cites *Philip Morris*, which did not involve an injunction ordering an individual to publicly apologize.[82] Rather, *Philip Morris* was a Racketeer Influenced and Corrupt

---

*Ass'n,* 217 F.3d at 397 (5th Cir. 2000) (dismissing injunctive relief claim as moot where the injunction would provide "no meaningful relief").

[76] ECF No. 128 at ¶ 194.

[77] *Id.*, at ¶¶ 133,139, 150, 156, 171.

[78] *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (concluding "the district court exceeded its equitable power when it ordered [defendant] to apologize" and holding that "[w]e are not commissioned to run around getting apologies"); *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974).

[79] ECF No. 163 at 23 (citing *Carter v. Transp. Workers Union of Am., Loc. 556*, 686 F.Supp.3d 503 (N.D. Tex. Aug. 7, 2023))

[80] *Carter*, at 518.

[81] *Id.*

[82] ECF No. 163 at 23-24 (citing *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095 (D.C. Cir. 2009)).

12

Organizations Act ("RICO") case where the court ordered cigarette manufacturers to issue a corrective statement about the negative health effects of smoking to prevent them from violating RICO in the future.[83] Dunn has cited no authority to establish that he has the right to an apology and what, if any, authority the Court has to order former Chief Fontenot to publicly apologize.[84]

Further, even assuming Dunn has the right to a public apology and that the Court has the authority to order former Chief Fontenot to apologize, Dunn has not shown that a public apology would redress his harm.[85] Dunn alleges that an apology would repair his reputation and trust of EPD officers, remedy his anxiety and depression, and vindicate "him as a good officer in the eyes of Eunice citizens and other law enforcement agencies."[86] As noted above, however, it is purely speculative as to whether an apology would, in any way, affect his reputation and trust from other EPD officers. Those officers and members of the community could continue to hold contrary beliefs about Dunn. Additionally, as noted by another court, "compelled apologies are, by definition, insincere, and they are unlikely to adequately convey a person's remorse or help a wronged individual move on."[87]

### III.
### CONCLUSION

For the foregoing reasons, the Court finds that each of the claims asserted by Dunn against former Chief Fontenot must be dismissed based upon a lack of standing and mootness. As the Court is dismissing the claims on jurisdictional grounds, the Court will not address the alternative grounds raised by former Chief Fontenot under Rule 12(b)(6). Accordingly, the Rule 12(B)(1)

---

[83] *Philip Morris*, 566 F.3d at 1139-1140.
[84] *Mallory v. Mun. Court of Tupelo*, 2019 WL 6174938 at *4 (N.D. Miss. Nov. 19, 2019) ("There is no right to an apology[.]")
[85] *Lujan*, 504 U.S. at 561.
[86] ECF No. 163 at 22, 24.
[87] *Hawbecker v. Hall*, 276 F. Supp. 3d 681, 690 (S.D. Tex. 2017) (declining to issue an injunction ordering the defendant to apologize in a defamation case and noting "the law's disfavor against injunctive relief in defamation actions").

13

Motion to Dismiss, or Alternatively, Rule 12(C) Motion for Judgment on the Pleadings [ECF No. 159] is GRANTED; and all claims asserted against former Chief Fontenot are DISMISSED.

THUS DONE in Chambers on this 20th day of March, 2025.


ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE