UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL DUNN | CIVIL ACTION NO.  6:20-CV-01063 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| RANDY FONTENOT ET AL CITY OF EUNICE ET AL | MAGISTRATE JUDGE DAVID J. AYO |
| | |
| MICHAEL DUNN | CIVIL ACTION NO.  21-CV-01535 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| RANDY FONTENOT, VICTOR FONTENOT, RYAN YOUNG, CITY OF EUNICE, and JOHN DOE | MAGISTRATE JUDGE DAVID J. AYO |

**MEMORANDUM RULING**

Before this Court is DEFENDANT'S RE-URGED MOTION TO EXTEND PLAINTIFF'S DEPOSITION (Rec. Doc. 169) filed by City of Eunice (the "City"), Randy Fontenot ("former Chief Fontenot"), Victor Fontenot, and Ryan Young (collectively, "Defendants").  Plaintiff Michael Dunn filed an opposition (Rec. Doc. 171) to which Defendants replied (Rec. Doc. 172). The matter is fully briefed and ripe for ruling.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the motion is GRANTED.[1]

---

[1]. As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

## Factual and Procedural Background

On June 4, 2021, Dunn, a lieutenant with the Eunice Police Department, filed suit[2] against the City of Eunice, Chief Randy Fontenot,[3] Officer Victor Fontenot, and Lieutenant Ryan Young alleging that those defendants had engaged in a years-long retaliation campaign for reporting allegedly widespread corruption within the Eunice Police Department. (Complaint, Rec. Doc. 1). The original complaint alleged the following causes of action: First Amendment violation under 42 U.S.C. § 1983, civil conspiracy under 42 U.S.C. § 1983, defamation, civil conspiracy, violation of Louisiana whistleblower statute, intentional infliction of emotional distress, false light invasion of privacy, violation of freedom of expression under the Louisiana Constitution, and municipal liability under 42 U.S.C. § 1983. *Id.*

Subsequently, the parties engaged in extensive discovery and Dunn was deposed on January 6, 2023. On March 17, 2023, Defendants filed a Motion to Extend Plaintiff's Deposition, seeking an additional seven hours to depose Dunn on the grounds that they were "unable to complete Plaintiff's deposition in the allotted seven hours prescribed by the Federal Rules of Civil Procedure due to the extensive and numerous allegations, the number of parties, the sheer volume of material to be covered, and that Plaintiff is the central witness to the events in this case." (Rec. Doc. 169-1, p. 3).

While Defendants' motion was pending, Dunn filed, with leave of court, his First Amended Complaint on August 14, 2023. (Rec. Doc. 128). For perspective, Dunn's original complaint is 39 pages long and contains 158 paragraphs. (Rec. Doc. 1). The First Amended

---

[2] Dunn filed two lawsuits in this Court. In the first, Civil Action number 6:20-cv-1063, he named as defendants Randy Fontenot, in his individual capacity and in his official capacity as Chief of Police of the Eunice Police Department, and the City. Randy Fontenot was dismissed from the first lawsuit on May 30, 2024. (Rec. Doc. 74). The lawsuits were consolidated for purposes of discovery. (Rec. Doc. 66).
[3] Randy Fontenot declined to run for reelection in 2022 and was dismissed from this matter. (Rec. Doc. 128 at ¶ 21, Rec. Doc. 186).

Complaint is 51 pages long and contains 198 paragraphs. The First Amended Complaint alleges the same causes of action against the same defendants. Dunn explains that the First Amended Complaint includes all allegations from the original complaint and alleges additional facts developed in discovery. (Rec. Doc. 139 at 1). On January 3, 2024, this Court denied Defendants' Motion to Extend Plaintiff's Deposition in light of the amended complaint, stating that the issue could be addressed once answers to the amended complaint are filed. (Rec. Doc. 151). The Defendants filed answers to the Amended Complaint (Rec. Docs. 153-156), and Randy Fontenot filed a motion to dismiss, or alternatively for judgment on the pleadings, (Rec. Doc. 159), which was granted by Judge Summerhays on March 20, 2025. (Rec. Doc. 186).

Defendants have filed the instant motion seeking to extend Dunn's deposition for an additional seven hours pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure for good cause shown. (Rec. Doc. 169). Dunn opposes this motion on the grounds that Defendants were afforded a fair opportunity to depose Dunn and have failed to show good cause why Lt. Dunn should be compelled to sit for an additional seven hours.

## **Applicable Standards**

Federal Rules of Civil Procedure provide that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 30; *Waste Management of Louisiana, LLC v. River Birch, Inc.,* 2017 WL 2256888, at *1 (E.D. La. May 23, 2017) (citing

*Holmes v. N. Texas Health Care Laundry Coop. Assoc.*, No. 15-2117, 2016 WL 2609995, at *1 (E.D. La. May 6, 2016) ("[U]nder Rule 30(d)(1), the Court may extend the limits on depositions for good cause.")).

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ..." Specifically Rule 26(b)(1) provides that discovery must be

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

## Analysis

The instant motion seeks to extend Dunn's deposition by an additional seven hours. (Rec. Doc. 169). Defendants argue that there is good cause to allow for this extension given that (i) Dunn amended his original Complaint to add new factual allegations and additional equitable relief after his deposition, (ii) there is extensive documentary evidence to discuss with Dunn, (iii) the lawsuit involves an extended period of time with facts and issues uniquely within Dunn's knowledge, and (iv) Dunn's allegations are against several defendants with substantial independent interests necessitating an extension of the deposition by seven hours so that each defendant is allowed additional time to examine him. (Rec. Doc. 169-1, pp. 3-6). In opposition, Dunn asserts that (i) the First Amended Complaint does not justify

Defendants taking an additional seven-hour deposition, (ii) the scope of discovery and relevant time period are not so broad to warrant extending the deposition, (iii) Defendants inefficiently allocated their time, and (iv) Defendants' delay in filing the motion and other discovery delays cut against a finding of good cause.

In order to receive additional time to conduct Dunn's demonstration, Defendants must demonstrate good cause for the extension in light of the relevant scope of discovery. Fed. R. Civ. P. 30(d)(1). Additionally, the Court must allow such time as necessary to "fairly examine" the deponent. *Id*. "In deciding whether there has been a fair examination, the court may consider factors such as: (1) if the examination will cover events occurring over a long period of time; and (2) the need for each party to examine the witness in multi-party cases." *Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) (citing 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 30).

The Court finds that Defendants have shown good cause to extend Dunn's deposition. The First Amended Complaint—which states new factual allegations and additional equitable relief, the extensive documentary evidence to discuss with Dunn, the examination which will occur over an extended period of time with facts and issues uniquely within Dunn's knowledge, and the need for each party to examine Dunn—warrants such an extension. Accordingly, Defendants' motion is granted, and they will have an additional seven hours to take the deposition.

## Conclusion

For the reasons above, IT IS ORDERED that DEFENDANT'S RE-URGED MOTION TO EXTEND PLAINTIFF'S DEPOSITION (Rec. Doc. 169) filed by City of Eunice, Randy Fontenot, Victor Fontenot, and Ryan Young is GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

Signed at Lafayette, Louisiana on this 16th day of July, 2025.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE