UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL DUNN | CIVIL ACTION NO. 6:20-CV-01063 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| RANDY FONTENOT ET AL CITY OF EUNICE ET AL | MAGISTRATE JUDGE DAVID J. AYO |
| | |
| MICHAEL DUNN | CIVIL ACTION NO. 21-CV-01535 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| RANDY FONTENOT, VICTOR FONTENOT, RYAN YOUNG, CITY OF EUNICE, and JOHN DOE | MAGISTRATE JUDGE DAVID J. AYO |

## MEMORANDUM RULING

The following motions are pending before the undersigned:

1. MOTION TO COMPEL THE PRODUCTION OF TEXT MESSAGES OR, IN THE ALTERNATIVE, FOR AN ADVERSE INFERENCE (Rec. Doc. 189) filed by Plaintiff Michael Dunn. The City of Eunice (the "City"), Officer Victor Fontenot, ("Officer Fontenot") and Lieutenant Ryan Young ("Lt. Young") filed oppositions (Rec. Docs. 192, 193, 194) to which Dunn replied (Rec. Doc. 172).

2. MOTION FOR PROTECTIVE ORDER (Rec. Doc. 179) filed by the City. Dunn filed an opposition (Rec. Doc. 180).

The motions are fully briefed and ripe for ruling. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Motion to Compel is DENIED and the Motion for Protective Order is DENIED.[1]

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A) nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the

**Factual and Procedural Background**

On June 4, 2021, Dunn, a lieutenant with the Eunice Police Department, filed suit[2] against the City, former Chief Randy Fontenot,[3] Officer Fontenot, and Lt. Young alleging that these defendants had engaged in a years-long retaliation campaign against him for reporting allegedly widespread corruption within the Eunice Police Department. (Complaint, Rec. Doc. 1). The original complaint alleged the following causes of action: First Amendment violation under 42 U.S.C. § 1983, civil conspiracy under 42 U.S.C. § 1983, defamation, civil conspiracy, violation of Louisiana whistleblower statute, intentional infliction of emotional distress, false light invasion of privacy, violation of freedom of expression under the Louisiana Constitution, and municipal liability under 42 U.S.C. § 1983. *Id.* On August 14, 2023, Dunn filed, with leave of court, a First Amended Complaint including all allegations from the original complaint and alleging additional facts developed in discovery. (Rec. Docs. 128, 139 at 1).

Dunn filed the instant Motion to Compel to compel Officer Fontenot and the City "to produce all text messages between Officer Fontenot and Mr. Joshua Dupre concerning Lt. Dunn or his allegations in this lawsuit" or in the alternative, "for an adverse inference that Officer Fontenot and the City have refused to produce the Text Messages because they would have been harmful to Officer Fontenot and the City, and helpful to Lt. Dunn." (Rec. Doc. 189). The City filed the instant Motion for Protective Order seeking to strike Topics 1, 2, 7, 8, 9,

---

authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

[2] Dunn filed two suits in this Court. In the first, Civil Action 6:20-cv-1063, he named as defendants both Randy Fontenot (in his individual capacity and in his official capacity as Chief of Police of the Eunice Police Department) and the City. Chief Fontenot was dismissed from the first lawsuit on May 30, 2024. (Rec. Doc. 74). The lawsuits were consolidated for purposes of discovery. (Rec. Doc. 66). The instant motions were filed in the record of the second case, Civil Action 6:21-CV-1535.

[3] Chief Fontenot declined to run for reelection in 2022 and was dismissed on March 20, 2025. (Rec. Doc. 128 at ¶ 21, Rec. Doc. 186).

10, 11, 17 and 18 from Dunn's Rule 30(b)(6) deposition notice and an order that the City is not required to designate a representative to testify on those topics. (Rec. Doc. 179).

## Applicable Law

A. <u>Scope of Discovery</u>

Federal Rules of Civil Procedure 26 authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)(i)-(iii).

Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1). Control of discovery is committed to the sound discretion of the trial court. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)

B. <u>Discovery of Electronically Stored Information ("ESI")</u>

"A party may serve on any other party a request within the scope of Rule 26(b) . . . (1) to produce . . . (A) any designated documents or electronically stored information . . . or (B) any designated tangible things" that are within the "responding party's possession, custody, or control. . ." Fed. R. Civ. P. 34(a)(1)(A) & (B).

Rule 26(b)(2) provides specific limitations on ESI:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. Rule 26(b)(2)(B).

In responding to a Rule 34 document request, a reasonable inquiry must be made and if no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence in attempting to locate responsive documents. *Kaur v. Whole Foods Market,* 2025 WL 1257905 (E.D. La. April 30, 2025) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014)).  If a court has concerns about the reasonableness of a party's efforts in responding to discovery, the court may require the party to certify the manner and completeness of its production. *Kaur*, 2025 WL 1257905 at *6 (citing *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 2011 WL 4018320, at *4 (E.D. La. Sept. 9, 2011) (ordering "a written certification" regarding the efforts made "to identify and extract" responsive electronically stored information)).

C. <u>Motions to Compel Discovery</u>

If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.  Fed. R. Civ. P. 37. Under Rule 37(a)(1), the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Molosso v. Bd. of Supervisors of Univ. of La. Sys.*, 2025 WL 1411540, at *2 (W.D. La. Apr. 3, 2025) (citing *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).

D. <u>Sanctions for Failure to Preserve ESI</u>

Rule 37(e) addresses ESI that should be preserved during litigation, as well as information that should be preserved in anticipation of litigation:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

"Thus, before a court may sanction a party for the loss of electronically stored information, the following predicate elements must exist: (1) the information should have been preserved; (2) the information was lost due to a party's failure to take reasonable steps to preserve it; and (3) the lost information cannot be restored or replaced through additional

discovery. After the three predicate elements are established, the court considers whether sanctions are warranted under subsection (e)(1) or (e)(2)." *In re Marquette Transp. Co. Gulf-Inland, L.L.C.*, 2022 WL 393640, at *1. "Rule 37(e)(1) applies if the court finds that another party has been prejudiced by the loss of the information. In that circumstance, the court may order measures no greater than necessary to cure the prejudice." *Id.* "Rule 37(e)(2) is applicable 'only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation.' If the intent to deprive is found, prejudice is presumed, and the court may impose an adverse inference, dismiss the action or enter a default judgment." *Id.*

"A party has a duty to preserve evidence when it has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Id.* at *2. The moving party must show either prejudice—for purposes of Rule 37(e)(1)—or show the opposing party acted with the intent to deprive it evidence, to obtain an adverse inference sanction under Rule 37(e)(2). *Id.* at *3.

A culpable state of mind is necessary for sanctions of adverse inference, dismissal, or default judgment. Fed. R. Civ. P. 37(e)(2). *Owens v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 754 (M.D. La. 2023). An adverse inference or sanctions are permitted "against the spoliator only upon a showing of 'bad faith' or 'bad conduct.'" *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)).

"Bad faith in the context of spoliation means destruction for the purpose of hiding adverse evidence." *Guzman*, 804 F.3d at 713 (citing *Mathis v. John Morden Buick, Inc.*, 136

F.3d 1153, 1155 (7th Cir. 1998)). "The term 'bad faith' has been described as conduct involving 'fraudulent intent and a desire to suppress the truth.'" *Slabisak v. Univ. of Tex. Health Sciences Ctr. at Tyler*, 2018 WL 4842690, at *3 (E.D. Tex. Oct. 4, 2018) (citing *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800). "Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case." *Toth v. Calcasieu Parish*, 2009 WL 528245, at *1 (W.D. La. Mar. 2, 2009) (citing *Vick v. Texas Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)).

E. <u>Protective Orders</u>

Rule 26(c) provides in pertinent part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> ***
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .

Rule 26's requirement of "good cause" to support a protective order places the burden upon the movant to show the necessity of its issuance, which contemplates a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690 (5th Cir. 2017). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed." *Molosso,* 2025 WL 1411540, at *2 (W.D. La. Apr. 3, 2025) (citing *Reyes v. Red Gold, Inc.*, 2006 WL 2729412 at *2 (S.D. Tex. Sept. 25, 2006)). "In other words, to escape the production requirement, a responding party must interpose a valid

objection to each contested discovery request." *Id.* (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). "Conclusory objections that the requested discovery is 'overly broad,' 'burdensome,' 'oppressive,' and 'irrelevant,' do not suffice." *Id.* Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

## Discussion

1. Dunn's MOTION TO COMPEL THE PRODUCTION OF TEXT MESSAGES OR, IN THE ALTERNATIVE, FOR AN ADVERSE INFERENCE (Rec. Doc. 189)

After a "tortured discovery history"[4] Dunn filed a motion seeking to compel the production of text messages between Officer Fontenot and Joshua Dupre. Dunn alleges that the text messages corroborate Dupre's testimony, are "plainly relevant," and "discovery has revealed they are available from at least three sources: Officer Fontenot's phone, Mr. Dupre's phones seized by EPD, and an electronic collection of Mr. Dupre's phones performed at EPD's direction." (Rec. Doc. 189-1 at 5). Dunn further argues that it "strains credulity" that the City and Officer Fontenot "have been unable to find even a single" text message and that they have failed to offer any explanation for this failure and to explain "the locations it searched or the search methods it applied." *Id.*

In response, the City—through its counsel who is an officer of the Court—admits that it has not produced anything specifically in response to Dunn's request but represents that rather than a "failure on the part of the City," "the lack of production is because the City has

---

[4] (Rec. Docs. 192 at 6, 195 at 1). Regarding this history, Dunn alleges that in June of 2021 when he filed the complaint, he also sent a "preservation letter" to the Mayor of Eunice and the Eunice Police Department chief asking them to preserve electronic files relevant to the litigation, that in October 2021 he served a request for production of the text messages on the City and Officer Fontenot, and that in July of 2024, he again served a request for production of the text messages on the City and Officer Fontenot. (Rec. Doc. 189-1).

not located any responsive documents in its possession, custody and control." (Rec. Doc. 192 at 16). The City also requests attorney fees for defending the motion.

In particular, the City asserts the following:

- Officer Fontenot obtained a new cell phone following his testimony in the Joshua Dupre bond revocation hearing in October 2020 and prior to the institution of this litigation in June 2021. *Id.*
- Current Eunice Police Chief Kyle LeBouef ("Chief LeBouef") possesses the cell phone Officer Fontenot turned in when he resigned from EPD. Chief LeBouef accessed "that phone and: (1) has not found Joshua Dupre listed in the contacts folder, (2) has checked every text message on that phone (with the messages spanning from November 12, 2019 to April 22, 2023) and not located any text message to or from Joshua Dupre; and (3) has not located any message on that phone about Lt. Michael Dunn." *Id.*
- Chief LeBouef also searched the EPD evidence log for a phone or phones belonging to Joshua Dupre, and found no such entry in the evidence log. At the time that Dupre's phone or phones were purportedly taken, EPD did not log items into the EPD evidence log unless the items had evidentiary value in a particular case, and none was then pending against Dupre. *Id.*
- Chief LeBouef also searched for the results of any "data dump" conducted by the Louisiana State Police ("LSP") on any phone belonging to Joshua Dupre and could not locate any such results or any information or documentation to corroborate that such a "data dump" occurred. He also contacted the LSP to inquire whether it has any such record of having extracted the contents of any cell phone belonging to Joshua Dupre and was subsequently advised that LSP has not found any record of a phone that was delivered to it for a data extraction pursuant to a search warrant on Joshua Dupre's phone. *Id.* pp. 16-17.
- Chief LeBouef cross-checked the warrant angle by contacting the former vendor EPD used for search warrants up until 2022 when the 27th Judicial District Court switched to CloudGavel for digital warrants. Chief LeBouef was advised by WarrantNow that it will not entertain looking for any information or data concerning a warrant relative to Joshua Dupre unless the EPD pays for a renewal subscription in the amount of $2,448.00. *Id.* at 17.
- Chief LeBouef found "a phone" in Officer Fontenot's former office, but the phone is password protected and EPD cannot determine the identity of the owner. Chief LeBouef has contacted cell phone providers to ascertain whether they can identify the owner from the phone's IMEI number. *Id.*

Although it is unclear from the history of this matter whether they had done so before the instant Motion to Compel was filed, the Court now finds that the City has stated with sufficient specificity the steps it has taken to search for the text messages, that it has made a reasonable inquiry, and it has exercised due diligence in attempting to locate the text messages. In addition, the City has shown that obtaining the data from WarrantNow would require a subscription renewal in the amount of $2,448.00, which the Court agrees is not reasonably accessible because of undue burden or cost within the meaning of Rule 26(b)(2). Since the Court does not have concerns about the reasonableness of the City's efforts in responding to discovery, it will not require the City to certify the manner and completeness of its production. *See Kaur*, 2025 WL 1257905 at *6. However, the Court will require the City to advise Dunn if information regarding the identity of the phone found in Officer Fontenot's office becomes available. If this phone is identified as Joshua Dupre's, the Court will address issues regarding production at the parties' request. Accordingly, the Motion to Compel is DENIED. The City's request for attorney's fees is also DENIED.

In addition, the Court finds that Dunn has failed to establish the three predicate elements that must be met before the Court considers sanctions, namely (1) the information should have been preserved; (2) the information was lost due to a party's failure to take reasonable steps to preserve it; and (3) the lost information cannot be restored or replaced through additional discovery. *In re Marquette Transportation Company Gulf-Inland, L.L.C.*, 2022 WL 393640, at *1. Accordingly, the alternative motion for an adverse inference is denied at this time without prejudice to Dunn's right to reassert it before trial.

    2.    The City's MOTION FOR PROTECTIVE ORDER (Rec. Doc. 179)

The City seeks to strike Topics 1, 2, 7, 8, 9, 10, 11, 17 and 18 from Dunn's Rule 30(b)(6) deposition notice (Rec. Doc. 179-3), for a protective order that the City is not required to

designate a representative to testify on those topics, and for expenses and attorney's fees. In particular, the City's objections relate to the following topics:

- Topic 1: "Your knowledge of, and all facts relating to, allegations of misconduct or inappropriate behavior conducted by Eunice Police Department personnel" and listing nine specific categories of alleged misconduct.
- Topic 2: "Your and the Eunice Police Department's policies and procedures that govern or otherwise relate to the conduct described in Topic No. 1."
- Topic 7: "Your knowledge of, and all facts relating to . . . Eunice Police Department personnel making false statements accusing Lt. Dunn of being a "dirty cop" and mishandling department funds by other personnel at the Eunice Police Department; Eunice Police Department personnel making threats against Lt. Dunn and his family, including reports that Lt. Dunn was on Chief Randy Fontenot's "hit list" and Det. Victor Fontenot's testimony that he threatened to hurt Lt. Dunn and shoot his canine; and [a]ny other retaliation against Lt. Dunn because he reported Eunice Police Department misconduct to external authorities and Eunice Police Department personnel's awareness of those reports."
- Topic 8: "Your knowledge of, and all facts relating to, any disciplinary actions taken or threatened to be taken by the Eunice Police Department against Lt. Dunn."
- Topic 9: "Your knowledge of, and all facts relating to, any disciplinary actions taken or threatened to be taken by the Eunice Police Department against other Eunice Police Department personnel, including without limitation Jeremy Ivory, Jonathan Lee, Stephanie Myers, Donnie Thibodeaux, and Varden Guillory."
- Topics 10 and 11: "Your knowledge of, and all facts relating to, employee attrition [and employee morale] within the Eunice Police Department."
- Topic 18: "Your knowledge of, and all facts relating to, any of the affirmative or other defenses set forth in Your Answer to the Complaint."

(Rec. Doc. 180 at 3-4).

The City asserts that its

> objections revolve around three central issues: (1) Plaintiff has failed to designate certain topics with sufficient particularity as required by Fed. R. Civ. P. 30(6)(6), 2) some of the topics call for information uniquely held or known by, or more appropriately obtained from other sources that are more convenient, less

> burdensome and less expensive as required by Fed. R. Civ. P. 26(b)(2)(C), and 3) some topics are outside of the allegations in Plaintiff's Amended Complaint and thus not relevant or proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1).

(Rec. Doc. 179 at 7). The City further argues that since former Chief Fontenot and Officer Fontenot are no longer under the City's control, it has no authority to compel information from them. *Id*.

In response, Dunn asserts that the topics at issue are relevant to either or both the Amended Complaint and the City's affirmative defenses. Dunn further asserts:

> The City has reasonable access to such requested information, including those pertaining to its former employees, and has agreed to conduct a reasonable investigation into its institutional knowledge and testify on investigatory results. Moreover, on topics where the City claimed that knowledge lies solely with former Chief of Police Fontenot, Plaintiff offered numerous potential compromises—all of which the City ignores. In particular, during meet-and-confers, Plaintiff suggested to the City that if it ascertains that it has no knowledge independent of the former Chief, that its witness may so state. The City's lack of knowledge here is probative and an appropriate subject to discovery—and probably why the City is objecting so vociferously.

(Rec. Doc. 180 at 1).

The Court addressed the Rule 30(b)(6) deposition issue in a February 14, 2025 telephone conference and concluded:

> Following discussion regarding the designation of the Mayor of the City of Eunice and the Chief of Police as Rule 30(b)(6) deponents scheduled to testify on February 5, 2025, the parties agreed that the mayor would testify first as to matters within his knowledge followed by the Chief of Police and that although they could be present during each other's testimony, they would not assist each other or confer.

(Rec. Doc. 182).

The Court finds that the City has failed to meet its burden of showing good cause as to the necessity of the issuance of a protective order, which contemplates a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." As stated in the telephone conference, the mayor and the Chief of Police were to testify as to matters within their knowledge and acknowledge if they do not have knowledge of a particular topic. Accordingly, the Motion for Protective Order and the included request for attorney's fees are denied.

### Conclusion

For the reasons above, IT IS ORDERED that the MOTION TO COMPEL THE PRODUCTION OF TEXT MESSAGES OR, IN THE ALTERNATIVE, FOR AN ADVERSE INFERENCE (Rec. Doc. 189) filed by Plaintiff Michael Dunn is DENIED.

IT IS FURTHER ORDERED that the MOTION FOR PROTECTIVE ORDER (Rec. Doc. 179) filed by the City of Eunice is DENIED.

IT IS FURTHER ORDERED that any requests for attorney's fees and/or costs by either party is DENIED as unwarranted.

Signed at Lafayette, Louisiana on this 4th day of August, 2025.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE