**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

|  |  |
|---|---|
| MICHAEL DUNN,<br><br>    Plaintiff,<br><br>        v.<br><br>RANDY FONTENOT, VICTOR FONTENOT, RYAN YOUNG, CITY OF EUNICE, and JOHN DOE,<br><br>    Defendants. | Civ. A. No.: 6:21-cv-01535<br><br>JUDGE ROBERT R. SUMMERHAYS<br><br>MAGISTRATE JUDGE DAVID J. AYO |

**PLAINTIFF MICHAEL DUNN'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS CITY OF EUNICE, RYAN YOUNG, AND
VICTOR FONTENOT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

Lieutenant Michael Dunn ("Lt. Dunn"), by and through his undersigned counsel, respectfully submits this brief in opposition to Defendant City of Eunice (the "City"), Ryan Young ("Lt. Young"), and Victor Fontenot's ("Officer Fontenot" and collectively, "Defendants") Motion to Strike Lt. Dunn's Jury Demand (ECF Nos. 238 & 238-1, the "Motion" or "Mot.").

## PRELIMINARY STATEMENT

In a one-page argument, Defendants ask this Court to strip Lt. Dunn of his Seventh Amendment right to a jury trial—a right that "is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of [it] has always been and should be scrutinized with the utmost care." *Perttu v. Richards*, 605 U.S. 460, 467 (2025) (quotation marks omitted). Scrutiny of Defendants' perfunctory motion leads to but one conclusion: denial.

As this Court is well aware, Lt. Dunn is a veteran lieutenant at the Eunice Police Department ("EPD"), where he has witnessed egregious misconduct committed by fellow officers. Lt. Dunn blew the whistle on that misconduct, reporting it to external authorities in local, state, and federal entities. When EPD's former Chief of Police Randy Fontenot ("Chief Fontenot"), Lt. Young, and Officer Fontenot learned of Lt. Dunn's reporting, they retaliated to silence him—stripping him of yet another guarantee of the Bill of Rights, his First Amendment right to free speech.

Lt. Dunn filed this lawsuit against those individuals and the City to end the retaliation and to ensure that EPD officers could properly report and address misconduct without fear of reprisal. To achieve that goal—and redress his harms—Lt. Dunn seeks injunctive relief, declaratory relief, and "such other and further relief as the Court may deem just, proper, and equitable." ECF No. 128 ("Am. Compl.") ¶¶ 193–98. And to avoid draining the public coffers, Lt. Dunn does not seek compensatory damages.

2

Five years after Lt. Dunn's original jury demand, and after this Court has entered multiple scheduling orders referring to a "jury trial" in this matter, Defendants seek to deprive Lt. Dunn of his right to a jury trial. It is debatable whether Defendants can even make this argument at this late juncture. *See Obioha v. AIG Prop. Cas. Co.*, 2024 WL 3677175, at *2 (E.D. La. Aug. 6, 2024) (denying defendants' motion to strike jury demand when they moved for relief after signing a joint case management order that included a jury trial and did so just four months before trial). In any event, Defendants argue that Lt. Dunn's 42 U.S.C. § 1983 claims seek injunctive and declaratory relief and, thus, "can only be entertained by the court." Mot. at 1. Defendants are wrong because "a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment," *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999), and nominal damages are well within the scope of the relief sought.[1] The Motion should be denied.

## FACTUAL BACKGROUND

Lt. Dunn is a fifteen-year veteran of EPD and has been a lieutenant since 2016. Am. Compl. ¶¶ 27–28. Since 2017, Lt. Dunn reported widespread misconduct at EPD, including using excessive force against civilians, coercing civilians to act as informants, leaking confidential information, and misusing EPD funds. *Id.* ¶¶ 32–50. Following these reports, which Lt. Dunn made both within the EPD chain of command and to external authorities, former EPD Chief Fontenot retaliated to silence him and drive him from EPD. *Id.* ¶¶ 68–69. Chief Fontenot—together with Lt. Young and Officer Fontenot—initiated and conducted baseless investigations into Lt. Dunn, removed him from desirable duties, placed him on understaffed night shifts (thus

---

[1] While Lt. Dunn has emphasized the importance of injunctive and declaratory relief to redress Lt. Dunn's harm, the Amended Complaint does not foreclose an award of nominal damages, and in briefing still pending before the Court, Lt. Dunn has offered to amend his complaint to specifically identify nominal damages. *See* ECF No. 222 at 25. Even still, the amendment should not be necessary because Rule 54(c) of the Federal Rules of Civil Procedure states: "Every other final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings*." (Emphasis added.)

endangering his safety), and smeared him as a "dirty cop." *Id.* ¶¶ 75–118. The campaign targeted Lt. Dunn, but it sent a message to the rest of EPD: reveal the rampant misconduct at EPD, and you will be made an example. *Id.* ¶¶ 119–23. Seeking to end this retaliation, Lt. Dunn brought this suit on June 4, 2021, asserting nine claims against Defendants. ECF No. 1 ¶¶ 90–158.

In his complaint, Lt. Dunn included a demand for a jury trial on all triable issues. *Id.* at 39. Lt. Dunn reasserted this demand in his Amended Complaint, filed on August 14, 2023. Am. Compl. at 51. In his prayer for relief, Lt. Dunn seeks multiple reforms through injunctive and declaratory relief, including correction of Lt. Dunn's personnel file and recognition that Defendants caused significant harm to Lt. Dunn's reputation and employment prospects. *Id.* ¶¶ 194–96. Additionally, he seeks reasonable attorneys' fees under 42 U.S.C. § 1988 and "such other and further relief as the Court may deem just, proper, and equitable" to remedy the violations of Lt. Dunn's rights. *Id.* ¶¶ 197–98.

## **ARGUMENT**

Defendants' conclusory argument unfolds in two parts. First, they contend that neither § 1983 nor the Declaratory Judgment Act confer an automatic jury-trial right. Mot. at 1–2. And, according to Defendants, because Lt. Dunn seeks only injunctive and declaratory relief, his claim is equitable and "can only be entertained by the court." *Id.* at 1. Defendants' position misunderstands the law and the facts. The Court should reject it.

The Seventh Amendment to the U.S. Constitution embodies "the federal policy favoring jury decisions of disputed fact questions," *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 538 (1958), and preserves the jury trial right for "[s]uits at common law, where the value in controversy shall exceed twenty dollars," *Tull v. United States*, 481 U.S. 412, 417 (1987). Courts have construed "suits at common law" to require a jury trial in actions that are analogous to *legal*

suits that would have been brought in English courts, as opposed to those brought in equity or admiralty. *Id.* To determine whether a suit is legal in nature, courts carefully consider both (1) the nature of the cause of action, and (2) the remedy it provides. *SEC v. Jarkesy*, 603 U.S. 109, 122–23 (2024). Here, both factors weigh decisively in favor of a jury trial.

**First**, Defendants do not dispute that Lt. Dunn's § 1983 causes of action are legal in nature. Nor could they: the claims require a jury to ascertain—and, ultimately, vindicate—Lt. Dunn's constitutional rights. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (the Supreme Court "ha[s] consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which *legal* rights were to be ascertained and determined'"). The same holds true for Lt. Dunn's other claims, which Defendants curiously disregard in their Motion. *Freeman v. Giuliani*, 2023 WL 8360664, at *3 (D.D.C. Dec. 3, 2023) ("claims for defamation, intentional infliction of emotional distress, and civil conspiracy to commit those torts are . . . unmistakably actions at law triable to a jury, and therefore within the Seventh Amendment's guarantee" (quotation marks and citations omitted)); *see also City of Monterey*, 526 U.S. at 709 (claims "soun[ding] basically in tort" are actions at law).

**Second**, Lt. Dunn's operative complaint seeks equitable *and legal* relief, which entitles him to a jury. *See City of Monterey*, 526 U.S. at 709 ("[A] § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment."). The Amended Complaint's request for "such other and further relief" (Am. Compl. ¶ 198) "encompass[es] nominal damages," as courts in this Circuit routinely hold, *see James v. Byrd*, 2020 WL 1879058, at *6 n.10 (W.D. La. Apr. 1, 2020); *see also Neutron Depot, LLC v. Bankrate, Inc.*, 2018 WL 6588573, at *1 (W.D. Tex. Aug. 16, 2018) ("Where, as here, the plaintiff's complaint seeks all such further relief as the Court deems necessary and proper, it is unnecessary for the plaintiff to specifically plead nominal damages.").

Other Circuits, too, have long applied that rule. *See Yniguez v. Arizona*, 975 F.2d 646, 647 n.1 (9th Cir. 1992); *Liberty Nat'l Ins. Holding Co. v. Charter Co.*, 734 F.2d 545, 560 n.31 (11th Cir. 1984) (similar, but permitting compensatory damages). This Court should follow suit. Indeed, Lt. Dunn has offered in prior briefing to make that explicit. *See* ECF No. 222 at 25.[2]

In this Circuit, "[n]ominal damages . . . are legal, not equitable relief." *Landgraf v. USI Film Prods.*, 968 F.2d 427, 431 (5th Cir. 1992). That Lt. Dunn seeks primarily equitable and declaratory relief is of no moment. The Supreme Court has explained that it "make[s] no difference if the equitable [considerations] clearly outweigh[] the legal" ones; "[a]s long as *any* legal cause is involved the jury rights it creates control." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 n.8 (1962) (emphasis added).

In sum, because Lt. Dunn seeks both equitable and legal relief for his quintessential legal claims, he has preserved his Seventh Amendment right to a jury trial.[3] *See City of Monterey*, 526

---

[2] To the extent this Court disagrees, Lt. Dunn should be granted leave to amend to make explicit his request for nominal damages. *See* ECF No. 222 at 24–25 (requesting, in the alternative, leave to amend to add an explicit request for nominal damages, which "would conclusively resolve any dispute about Lt. Dunn's personal stake in this litigation—at minimal cost (and no prejudice) to either Defendants or the people of Eunice"); *see also* ECF No. 163 at 42 (Lt. Dunn's similar request in opposition to Chief Fontenot's motion pursuant to Rules 12(b)(1) and 12(c)).

[3] Defendants spend no time contending with the Seventh Amendment's $20 amount-in-controversy threshold. For three independent reasons, Lt. Dunn's claims satisfy that requirement. ***First***, Lt. Dunn's constitutional harms are substantial and warrant nominal damages in excess of $20. *D. H. Pace Co. v. Aaron Overhead Door Atlanta LLC*, 2021 WL 2819778, at *5 (N.D. Ga. May 24, 2021) ("Because an award of nominal damages could be for a sum in excess of the minimum $20.00 threshold required by the Seventh Amendment, the Court finds that [plaintiff's] right to pursue a claim for nominal damages in this case triggers its right to a trial by jury."). Indeed, over twenty years ago, the Fifth Circuit affirmed as "an insignificant sum" $100 in nominal damages. *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003). And since then, courts in this Circuit have permitted far greater nominal damages awards. *See, e.g.*, *Hill v. Kilbourne*, 157 F. Supp. 3d 545, 551 (M.D. La. 2015) (upholding jury's $500 nominal damages award). ***Second***, where, as here, the plaintiff requests nominal damages and attorneys' fees "far in excess of $20," courts will find the $20 amount-in-controversy requirement satisfied. *Schultz v. Medina Vall. Ind. Sch. Dist.*, 2011 WL 13234886, at *3 (W.D. Tex. Dec. 6, 2011). ***Third***, Lt. Dunn's nominal damages—aggregated with the value of the injunctive and declaratory relief—far exceed the $20 threshold. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (the value of injunctive and declaratory relief can be used to determine the amount-in-controversy requirement for diversity jurisdiction).

U.S. at 709 ("[A] § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment.").

**CONCLUSION**

For the foregoing reasons, Lt. Dunn respectfully requests that this Court deny the Defendants' motion.

Dated: March 17, 2026                                          Respectfully submitted,

By: */s/ Peter J. Mardian*                     By: */s/ Malcolm C. Lloyd*
Francesca E. Brody (*pro hac vice*)            Malcolm C. Lloyd (LA Bar No. 41573)
Peter J. Mardian (*pro hac vice*)              Charles Andrew Perry (LA Bar No. 40906)
Cassandra Liu (*pro hac vice*)                 Nora Ahmed (*pro hac vice*)
James R. Horner (*pro hac vice*)               ACLU FOUNDATION OF LOUISIANA
Yu Kyung Kim (*pro hac vice*)                  1340 Poydras Street, Suite 2160
Norman M. Hobbie Jr. (*pro hac vice)*          New Orleans, Louisiana 70112
Alexandra Bieler (*pro hac vice*)              Telephone: (504) 522-0628
SIDLEY AUSTIN LLP
787 Seventh Avenue                             Hector Pagan (*pro hac vice*)
New York, New York 10019                       SIDLEY AUSTIN LLP
Telephone: (212) 839-5300                       60 State Street
Fax:  (212) 839-5599                            Boston, Massachusetts 02109
                                                Telephone: (617) 223-0300
Amit Bhatla (*pro hac vice*)                    Fax: (617) 223-0301
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Fax: (202) 736-8711

*Attorneys for Plaintiff Michael Dunn*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/  Peter J. Mardian
Peter J. Mardian