UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MICHAEL DUNN

VERSUS

RANDY FONTENOT ET AL

CASE NO. 6:21-CV-01535

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE DAVID J. AYO

## REASONS FOR DECISION

The present matter before the Court is the Motion to Strike Jury Demand [ECF No. 238] filed by City of Eunice, Ryan Young and Victor Fontenot ("Defendants"). Plaintiff opposes the Motion.

**I.**
**BACKGROUND**

Plaintiff Michael Dunn is a fifteen-year veteran of the Eunice Police Department ("EPD") and has been a lieutenant since 2016.[1] Since 2017, Dunn alleges that he reported misconduct at EPD, including using excessive force against civilians, coercing civilians to act as informants, leaking confidential information, and misusing EPD funds.[2] Dunn further alleges that former EPD Chief Fontenot retaliated to silence him and drive him from EPD following these reports.[3] Dunn alleges that Chief Fontenot, along with Lieutenant Young and Officer Fontenot, initiated baseless investigations into Dunn, removed him from desirable duties, placed him on understaffed night shifts, and smeared him as a "dirty cop."[4] Dunn brought this suit on June 4, 2021, asserting nine claims against Defendants.[5] In his complaint, Dunn included a demand for a jury trial on all triable

---

[1] ECF 128 ¶¶ 27–28.
[2] *Id.* ¶¶ 32–50.
[3] *Id.* ¶¶ 68–69.
[4] *Id.* ¶¶ 75–118.
[5] ECF No. 1 ¶¶ 90–158.

1

issues.[6] Dunn reasserted this demand in his Amended Complaint, filed on August 14, 2023.[7] In his prayer for relief, Dunn seeks injunctive and declaratory relief, including correction of his personnel file and recognition that Defendants caused harm to Dunn's reputation and employment prospects.[8] Additionally, he seeks reasonable attorneys' fees under 42 U.S.C. § 1988 and "such other and further relief as the Court may deem just, proper, and equitable" to remedy the violations of Dunn's rights.[9]

Defendants argue that Dunn is not entitled to trial by jury as the only claims asserted by Dunn are equitable claims. Dunn disagrees, arguing that he is entitled to a jury trial under the Seventh Amendment.

## II.
### LAW AND ANALYSIS

Rule 39(a)(2) of the Federal Rule of Civil Procedure requires that a jury demand be stricken when "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." 42 U.S.C. § 1983 does not itself confer any right to trial by jury.[10] The Seventh Amendment to the United States Constitution establishes a right to a jury trial "in suits at common law."[11] A claim for injunctive relief is not a suit at "common law" and is instead a claim in equity that can only be entertained by the court. The Fifth Circuit recently explained the distinction between legal and equitable remedies as follows:

> In analyzing whether the "the remedy sought" is of a legal nature," *Tull*, 481 U.S. at 422, 107 S.Ct. 1831, courts ask whether it "is the traditional form of relief offered in the courts of law" when the Seventh Amendment was ratified in 1791, *Curtis*, 415 U.S. at 196, 94 S.Ct. 1005. With respect to monetary damages, "[r]emedies intended to punish culpable individuals" were offered in courts of law. *Tull*, 481

---

[6] Id. at 39.
[7] ECF 128 at 51.
[8] *Id.* ¶¶ 194–96.
[9] *Id.* ¶¶ 197–98.
[10] *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 1637, 143 L.Ed.2d 882 (1999).
[11] United States Constitution, Amendment VII.

U.S. at 422, 107 S.Ct. 1831. For that reason, "[a] civil penalty" in particular "was a type of remedy at common law that could only be enforced in courts of law." *Id.* By contrast, "[a] suit for injunctive relief" was "not one at common law," meaning that "there was no right to a jury trial." *United States v. Reddoch*, 467 F.2d 897, 899 (5th Cir. 1972) (citing *United States v. Louisiana*, 339 U.S. 699, 701, 70 S.Ct. 914, 94 L.Ed. 1216 (1950)); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) ("It is settled law that the Seventh Amendment does not apply" to "suits seeking only injunctive relief.").[12]

Dunn has repeatedly indicated that he is not seeking damages. For example:

Rather than seek damages to compensate for this misconduct—which would burden the Eunice community—Lt. Dunn asks only for injunctive and declaratory relief.[13]

\*\*\*

Lt. Dunn asks only for injunctive and declaratory relief. And for good reason: he wants the retaliation to stop and policy changes to prevent it from happening again—but doing so need not drain public coffers.[14]

\*\*\*

A: . . .I don't want no damn money. I want to fix the problem. . .[15]

\*\*\*

A:      I'm not asking for financial gain myself, if that answers your question.[16]

\*\*\*

Q:      You testified with Mr. Hebert about no financial gain from these lawsuits. I mean, you did file two suits, correct?

A:      Yes, correct. We were talking about this one. I didn't ask for any money in this one.

Q:      Okay. For the ACLU suit?

A:      Correct.[17]

---

[12] *In re Abbott*, 117 F.4th 729, 737 (5th Cir. 2024).
[13] ECF No. 163 (Opposition to Randy Fontenot's Motion to Dismiss), p. 1.
[14] ECF No. 222 (Opposition to Ryan Young's Motion for Judgment on Pleadings), p. 2.
[15] ECF No. 285, Exhibit A – Deposition of Michael Dunn (1/6/23), p. 266:7-8.
[16] *Id.*, p. 276:6-7.
[17] *Id.*, p. 294:12-18.

Dunn, however, now argues that the catch-all, boilerplate language in his Amended Complaint seeking "such other and further relief, as the Court may deem just, proper and equitable" is a claim for damages entitling Dunn to a jury trial. The Court disagrees. Dunn expressly eschewed seeking money damages and only seeks equitable relief based on his pleadings and the record. The general language of Dunn's "all other relief" prayer not only fails to invoke a remedy at law, it expressly seeks equitable relief—"such other and further relief, as *the Court* may deem just, proper *and equitable*" (emphasis added). Dunn's request for declaratory relief does not change this result because "the Declaratory Judgment Act does not create a right to a jury trial when the underlying action is equitable in nature."[18] In this case, all of Dunn's requests for relief are equitable in nature and thus do not entitle him to a jury trial.

For the foregoing reasons, the Court finds that Dunn is not entitled to a trial by jury under the Seventh Amendment to the Constitution. Accordingly, the Motion to Strike Jury Demand [ECF No. 238] is GRANTED. A separate judgment in conformity with the foregoing reasons will be entered.

THUS DONE in Chambers on this 7th day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[18] *U.S. v. Wade*, 653 F.Supp. 11, 13 (E.D. Penn 1984).